The Honorable Mary Anne Salmon State Senator #29 Heritage Park Circle North Little Rock, AR 72116
Dear Senator Salmon:
I am writing in response to your request for an opinion on the following questions involving Amendment 80 to the Arkansas Constitution:
 1. Does the effective date of Amendment 80, that being 1 January 2005, pose jurisdictional authority questions for District Judges who may be elected on a city wide authority if there is no change in the present law?
 2. Does the proposed jurisdictional bill SB 874, setting forth the jurisdictional limits and the method of election of District Judges, meet the requirements set forth in Amendment 80, Section 17?
 3. If the effective date of Amendment 80, 1 January 2005, takes effect and no law has been passed cleaning up the election and jurisdictional issues of District Judges, what are the possible effects to the District Court System and the State?
RESPONSE
The answer to your first question is "yes," in my opinion. It is my opinion in response to your second question that while the requirements of Section 17 of Amendment 80 may be subject to interpretation, Senate Bill 874 is authorized under the Amendment. With regard to your third question, the possible effects could include uncertainty and resultant jurisdictional challenges if a district judge's territorial jurisdiction exceeds the area from which he or she is elected.
Question 1 — Does the effective date of Amendment 80, that being 1January 2005, pose jurisdictional authority questions for District Judgeswho may be elected on a city wide authority if there is no change in thepresent law?
It is my opinion that the answer to this question is likely "yes" because the continued countywide jurisdiction of district judges who are not elected on a countywide basis arguably will be unclear after that date. Some explanation is necessary.
Except in counties that are divided into two judicial districts, municipal (now "district") courts currently have "countywide jurisdiction." A.C.A. § 16-17-206(b) (Repl. 1999).[1] As recognized by your question, however, current law provides in certain instances for the election of municipal (now district) judges by the voters of a city.See, e.g., A.C.A. § 16-17-120(c) and (d) (Repl. 1999). The question is whether the current statutory countywide jurisdictional authority of such judges remains viable after January 1, 2005, the implementation date for changes in the limited jurisdiction court system under Arkansas Constitution Amendment 80. Ark. Const. amend. 80, § 19(B)(2)).
In my opinion, several provisions in Amendment 80, when read together, suggest that the territorial jurisdiction of district judges who take office after December 31, 2004, is limited to the district that elects them. Section 7 (C) requires at least one district court in each county and provides that if there is only one, "it shall have county-wide jurisdiction." This alone implies that countywide jurisdiction is not necessarily the rule. Section 10 then authorizes the General Assembly to establish judicial districts as long as they are "comprised of contiguous territory." And in accordance with Section 16 (D) and Section 17 (A), respectively, district judges must be "qualified electors within the geographical area from which they are chosen . . ." and they "shall be elected on a nonpartisan basis by a majority of qualified electors voting for such office within the . . . district which they serve."
Considered together, these provisions do not necessarily contemplate countywide jurisdiction in all cases. It may also be significant that Amendment 80 repealed the constitutional basis for § 16-17-206's grant of countywide jurisdiction. See Ark. Const. amend. 80, § 22 (repealing sections of Ark. Const. art. 7, the judicial article) and State v. Webb,323 Ark. 80, 913 S.W.2d 259 (1996) (noting constitutional and statutory basis for municipal court's limited subject-matter jurisdiction throughout the county).
This issue regarding Amendment 80's effect on A.C.A. 16-17-206's grant of countywide jurisdiction is explored in depth in a two-part article in TheArkansas Lawyer entitled "Amendment 80's District Court — Let's Make it `Cricket' This Time" (Fall 2001 and Winter 2002). Several interpretations of the jurisdictional issue are discussed in this article, which concludes by submitting that Amendment 80 maintains the status quo of countywide jurisdiction. The Arkansas Lawyer 28 (Winter 2002). I cite this article by way of illustrating, in response to your first question, that questions do exist regarding Amendment 80's effect on A.C.A. 16-17-206's grant of countywide jurisdiction to district courts. The jurisdictional issue you have identified is not settled, and will likely remain open to interpretation if not addressed legislatively.
Question 2 — Does the proposed jurisdictional bill SB 874, setting forththe jurisdictional limits and the method of election of District Judges,meet the requirements set forth in Amendment 80, Section 17?
As noted above, the requirements of Amendment 80 with respect to the district judges' territorial jurisdiction may be subject to interpretation. It is nevertheless my opinion that SB 874 comports with the amendment and will eliminate the question of whether countywide jurisdiction continues to be the rule as to the district courts addressed. The bill establishes these district courts' territorial jurisdiction coextensive with the area from which the district judges are elected, making it clear that the district court will have countywide jurisdiction only if its judge is elected on a countywide basis. In my opinion, this is authorized under Amendment 80.
Question 3 — If the effective date of Amendment 80, 1 January 2005, takeseffect and no law has been passed cleaning up the election andjurisdictional issues of District Judges, what are the possible effectsto the District Court System and the State?
As I have stated, the continued countywide jurisdiction of district judges who are not elected on a countywide basis arguably will be unclear in this event, raising the specter of potential jurisdictional challenges after the merger of limited jurisdiction courts into district courts on January 1, 2005.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Amendment 80 established "district courts" effective July, 2001; and Act 1693 (effective July 1, 2001) designated municipal courts as "district courts."